# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREGORY JONES, | : | |
| | : | Civil No. 16-3367 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**FREDA L. WOLFSON, U.S.D.J.**

This matter comes before the Court by way of a motion filed by petitioner Gregory Jones ("Jones" or "Petitioner"), under 28 U.S.C. § 2255, to vacate a sentence imposed by judgment of the Court. (ECF No. 1.) For the reasons stated herein, the § 2255 motion is dismissed without prejudice.

In January 2008, Jones pleaded guilty before District Judge Garrett E. Brown of one count of distribution of, and possession of, with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *United States v. Jones*, Crim. No. 07-487 (GEB), Plea Agreement, ECF No. 17. As part of the plea agreement, Jones and the government stipulated that, "[s]ince [Jones] is a career offender, the applicable [sentencing] guideline is U.S.S.G. § 4B1.1(b)(B)." *Id.* at 6. After appropriate adjustments to the base level, Jones and the government also stipulated that his applicable offense level was 31, and they agreed not to argue for any upward or downward departure not discussed in the plea agreement. (*Id.* at 6–7.) Judge Brown, in a Judgment entered on May 14, 2008, sentenced Jones to 210 months imprisonment. Crim. No. 07-487, J., ECF No. 22. Jones did not take any direct appeal from this judgment. (*See* ECF No. 1 ¶¶ 8–9.)

On June 10, 2016, Jones, acting *pro se*, filed a Motion to Vacate, Set Aside, or Correct his sentence, under 28 U.S.C. § 2255. (ECF No. 1.) Jones argues that his § 2255 motion should be considered timely as filed within one year of, and raising arguments under, the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] (*Id.* ¶ 13.) Jones contends that his sentence was increased as he was found to be a career offender under the United States Sentencing Guidelines ("Guidelines"), and he asserts that this enhancement must have been premised on the residual clause of the definition of "crime of violence," in Guidelines § 4B1.2(a)(1).[2] (*Id.* ¶ 12.) He argues that the *Johnson* Court's holding that the similar residual clause in the Armed Career Criminal Act ("ACCA") was void as unconstitutionally vague should be applied to void the Guidelines residual clause and that this would undermine the basis of his sentence. (*Id.*)

On June 23, 2016, Chief Judge Jerome B. Simandle issued Standing Order 16-2, which noted the large number of cases filed under *Johnson* and created specific processes for such cases. *In re Motions Seeking Collateral Relief on the Basis of Johnson v. United States*, Misc. No. 16-11 (JBS), ECF No. 2. Among other things, the Standing Order stayed *Johnson* cases and permitted motions filed before June 27, 2016 to be filed in the form of short "placeholders." *Id.*

---

[1] Jones also urges that *Johnson* was not made retroactive until the Supreme Court's subsequent decision in *Welch v. United States*, 136 S. Ct. 1257 (2016). (ECF No. 1 ¶ 13.) As he filed his § 2255 motion within a year of the *Johnson* decision, the distinction is moot.

[2] Jones indicates that his prior conviction was for "threats of violence," by which he seems to mean Terroristic Threats under New Jersey Statutes Annotated § 2C:12-3. (*See* ECF No. 1 ¶ 12.) Jones argues that this conviction should fall under the residual clause of the definition of crime of violence, rather than under a prior clause encompassing crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* U.S. Sentencing Guidelines Manual § 4B1.2(a). The issue need not be resolved at this time. For the purposes of this Opinion only, the Court will assume that Jones is correct in asserting that his enhancement applied under the residual clause.

at 3. It permitted petitioners under *Johnson* "up to 150 days from June 27, 2016 to file a final memorandum of law supporting relief," and it further permitted the government "a period of up to 150 days after the filing of the movant's final memorandum of law to file its response to the motion and memorandum." *Id.* at 3–4.

On December 16, 2016, observing that Jones, as an incarcerated, *pro se* litigant, might not know of Standing Order 16-2, this Court entered an Order alerting him to the Standing Order's effects, directing that the Clerk send him the Standing Order, and granting him an additional forty-five days to file a supporting memorandum of law. (ECF No. 2.) The Court also included the provisions of a *Miller* Order, directing Jones, within forty-five days, to notify the Court whether he intended to proceed with his initial § 2255 motion as all inclusive or to withdraw his original motion and file an amended version. (*Id.* at 2–3.) There has been no docket activity since that time.

As Jones did not respond to the Court's *Miller* notice, the Court will consider the petition as including all of his claims. (*See* ECF No. 2 at 3.) Under Rule 4 of the Rules Governing § 2255 Proceedings, "[i]f it plainly appears from the [§ 2255] motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C.A. foll. § 2255. Motions under § 2255 are subject to a one-year limitations period, which begins to run on the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2255(f). Jones asserts that his § 2255 motion is timely under the third provision above, as he premises his claim on a right newly recognized by the Supreme Court in *Johnson*. (ECF No. 1 ¶ 13.)

Since Jones filed his motion, however, the Supreme Court, in *Beckles v. United States*, 137 S. Ct. 886 (2017), directly addressed the argument that the voiding, in *Johnson*, of the ACCA residual clause also invalidates the Guidelines residual clause. In *Beckles*, the Supreme Court explicitly rejected this argument, finding that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." (*Id.* at 897.) As the right Jones now asserts is thus not the same as the right recognized in *Johnson*, and indeed does not exist, he may not rely on that decision to reset his time to file § 2255 motion.

As Jones does not assert any other basis for delaying the period of limitations, the Court finds that it began to run when his judgment became final. *See* 28 U.S.C. § 2255(f). A federal criminal judgment typically becomes final when the Supreme Court affirms the judgment or denies a timely petition for certiorari, when the time to petition the Supreme Court for certiorari expires, or, in the absence of a timely direct appeal, when the time to file a direct appeal expires. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). A defendant's direct appeal of a criminal judgment to a Court of Appeals generally must be filed within fourteen days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). Therefore, Jones's time to appeal his judgment ended May 28, 2008, and his time to file a § 2255 motion expired one year later, on May 28, 2009. As such, his petition is dismissed as untimely.

For the reasons stated above, Jones's §2255 motion is dismissed without prejudice.  An appropriate Order follows.


Dated: March 19, 2018                                    /s/ Freda L. Wolfson
                                                        FREDA L. WOLFSON
                                                        United States District Judge